UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STORMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>TAFT LAW SCHOOL,<br><br>        Defendant. | No. 2:14-cv-92-MCE-EFB PS<br><br><br><br>ORDER |

This case, in which plaintiff is proceeding in propria persona, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

Plaintiff also requests that the court appoint counsel pursuant to 42 U.S.C. § 2000e-5(f). That statute authorizes the appointment of counsel [u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In reviewing an application for appointment of counsel under section 2000e-5(f), the court must consider: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc'y of San Diego*, 622 F.2d

1

1   1301, 1318 (9th Cir. 1981).  In deciding whether to appoint counsel, the court should also

2   consider the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

3   legal issues involved.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that a

4   court may appoint counsel under the *in forma pauperis* statute only under exceptional statutes);

5   *Bradshaw*, 622 F.2d at 1318 n. 43. (the court may consider other factors when deciding to appoint

6   counsel so long as they are consistent with 42 U.S.C. § 2000e-5(f)'s policy).  Here, the court

7   cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree

8   of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the

9   appointment of counsel at this time.  Therefore, plaintiff's motion for appointment of counsel is

10   denied.

11        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to

12   the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue,

13   or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

14   seeks monetary relief against an immune defendant.  The court cannot make this determination on

15   the present record.  Therefore, the court reserves decision on these issues until the record is

16   sufficiently developed.

17        Accordingly, it is hereby ORDERED that:

18        1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

19        2. Plaintiff's motion for appointment of counsel, ECF No. 3, is denied.

20        3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal

21   Rule of Civil Procedure 4.

22        4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of

23   the complaint, this court's scheduling order, and the forms providing notice of the magistrate

24   judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute

25   resolution program.

26        5. Plaintiff is advised that the U.S. Marshal will require:

27             a. One completed summons;

28             b. One completed USM-285 form for defendant;

   c. A copy of the complaint for defendant, with an extra copy for the U.S. Marshal; and,

   d. A copy of this court's scheduling order and related documents for defendant.

 6. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

 7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

 8. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

 9. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: April 21, 2014.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE